140

FEBRUARY 25, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to reach and apply certain funds in the hands of the respondent to the satisfaction of a judgment obtained by the complainant in an action of the case for negligence against one Windeford A. Elderkin, who was insured by the respondent under an automobile liability insurance policy. The cause was heard in the superior court on bill, answer, replication and proof

and resulted in the entry of a final decree dismissing the bill. From this decree, the complainant has duly appealed to this court.

Briefly the facts are these. On January 1, 1935, the respondent contracted to insure Elderkin, in Massachusetts, for statutory coverage under the compulsory liability insurance law of that state, and also for extraterritorial and property damage coverage. A policy was not at that time issued to Elderkin as he had not paid the premium, but a certificate of the making of the contract for the policy was sent to the Massachusetts registrar of motor vehicles to enable Elderkin to obtain registration plates for his vehicle in that state. There was a separate premium charge specified for each coverage above mentioned and in the aggregate they amounted to $50. This amount remained wholly unpaid on March 1, 1935, and on that date the respondent sent to Elderkin by registered mail a notice of cancellation of the entire policy, a copy of which is in evidence, effective as of March 21, 1935.

Under the provisions of the Massachusetts Compulsory Liability Insurance Law, Elderkin complained to the insurance commissioner of that state that said cancellation was unreasonable and improper. This complaint was heard before the board of appeal provided for in such cases on March 27, 1935, and subsequently that body entered an order that the cancellation of the statutory coverage, required under the said compulsory liability statute, was reasonable and proper and should be effective as of May 13, 1935. Thereupon, as provided by law, Elderkin appealed from the decision of the board of appeal to the superior court of Massachusetts and this appeal suspended the operation of the board's order.

The effect of this procedure was to leave Elderkin still covered by insurance as required by the Massachusetts Compulsory Liability Insurance Law, notwithstanding his nonpayment of premium and the notice of cancellation

sent him by the company. The parties in the instant case are not in conflict on this point. The conflict arises over whether only the statutory coverage required by the Massachusetts law remained in effect or whether the extraterritorial coverage, which was not required by that law, also continued in effect. This latter coverage is what the complainant here relies upon to support his bill and he admits that he must show that such coverage remained in effect notwithstanding the attempted cancellation notice sent by the respondent to Elderkin or else he cannot recover.

The complainant was injured by Elderkin's truck, which was designated in this insurance policy, on March 27, 1935, in Rhode Island. Actions at law were brought here, by the complainant, against Elderkin and the person who was operating his truck at the time of the accident, and a judgment against each of them in the sum of $2000 was obtained and remained unpaid at the time complainant brought the present suit. The respondent declined to defend these actions on the ground that at the time of the accident it was not the insurer of Elderkin for extraterritorial coverage.

The construction of this policy is to be determined by the law of Massachusetts at the time the contract of insurance was made, and the notice of cancellation must be construed in like manner. *Columbian National Life Ins. Co.* v. *Industrial Trust Co.,* 57 R. I. 325. This policy was primarily for statutory coverage under the Massachusetts compulsory liability statute, but it also was written for extraterritorial liability and for property damage. These latter provisions were not required by that statute and were purely voluntary. Although embodied in the one policy, each particular provision of insurance is to be construed as if each was embodied in a separate policy. *Cormier* v. *Hudson,* 284 Mass. 231, 187 N. E. 625.

There is no merit in the complainant's contention that because the notice of cancellation sent to Elderkin is en-

titled "NOTICE OF CANCELLATION OF MASSA-CHUSETTS MOTOR VEHICLE LIABILITY POLICY" such notice must be construed to relate only to the statutory provision of that policy, "Clause A", and not also to the extraterritorial provision, "Clause B." Such a construction would be a strained one and not at all justified by the plain language of the notice itself. The title of this notice did not and could not mislead the insured. But, if there was any possibility of that, it was certainly obviated by the appearance, directly under the title, in a slightly smaller type than that of the title but considerably larger than the type of the notice itself, the words "Cancellation of Entire Policy."

The complainant cites *Cormier* v. *Hudson, supra,* in support of the above contention but we are of the opinion that that case does not carry the meaning which he seeks to give it in his brief in order to sustain his contention. There the court was construing the terms of the policy before it and, in doing so, it laid down the rule that "The circumstance that both kinds of insurance are combined in one policy does not narrow, nor enlarge, nor change the rules of construction which would be applied to the different kinds of insurance if they had been embodied in separate policies." The court recognized that different kinds of insurance could be included in the same policy but stated that such fact would not effect in any way the proper construction of their separate provisions, and that in so far as construction of the language of the separate provisions was concerned those provisions were to be considered as separate policies. We do not interpret this language to mean that a separate notice would be necessary to cancel each provision of such a policy where there was cause for the insurer to cancel the policy *in toto* as for unpaid premiums as in the instant case.

In the instant case we have a policy which provides statutory coverage, required by the Massachusetts statute,

and extraterritorial coverage, which was not required. The premiums for both coverages were unpaid, and because of this nonpayment the policies were canceled by the company. The notice of cancellation sent to the insured canceled the policy. The statute governing the statutory coverage enabled the insured, by taking advantage of certain procedure thereunder, to suspend the effectiveness of the cancellation as to that part of the policy.

The complainant further contends that the notice is ambiguous and that therefore it should be construed most strongly against the insured. The sufficient answer to this contention is that the notice is not ambiguous. It clearly states that the entire policy is canceled and calls the attention of the insured in prominent type expressly to its legal rights by the following:

"IMPORTANT NOTICE TO OWNER:
"Read carefully the information on the reverse side of this notice, which states your legal rights under the compulsory insurance law relative to this cancellation."

And the last statement of that information on the reverse side, set out in the center of the page by itself so as to attract attention, is the following: "In case your policy provided insurance in addition to such Statutory Insurance, the action of said Board of Appeal will not reinstate such additional insurance." All of this makes it too clear for argument that this was a perfectly plain and unambiguous notice to the insured that all of the different kinds of insurance which he held under this policy with the respondent were canceled, subject only to such rights as were afforded to him by statute and which he might avail himself of by taking the proper procedure.

However, the complainant finally contends that on the evidence in the instant case the insurer did not actually cancel this insurance until after the accident. This con-

tention is predicated upon certain testimony of respondent's witness, Rawley, who testified that the cancellation of the extraterritorial provision of the policy was put on the accounting records of the respondent for the first time September 20, 1935, approximately six months after the accident. This was explained as a matter of accounting practice merely, and that it was not a change in the date of cancellation as specified in the notice, which was sent on March 1, 1935. We are of the opinion from our reading of the evidence that the explanation is a reasonable one. The trial justice who heard and saw the witness testify has found that the effective date of cancellation was as stated in said notice, and apparently he did not feel that the date appearing in the accounting records of the respondent contradicted the notice in any material way, or if he did, he must have been satisfied by the explanation given in the testimony of the witness, Rawley. From our reading of the testimony, we are of the opinion that such a conclusion is a reasonable one.

We find no error in the decision of the trial justice.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Goldberg & Goldberg, Patrick H. Quinn,* for complainant.

*Henry M. Boss, Herbert Tiemann,* for respondent.

