HARRIET LEITNER, PLAINTIFF-RESPONDENT, v. CITI-
ZENS CASUALTY COMPANY OF NEW YORK, DEFEND-
ANT-APPELLANT.

Submitted February 14, 1947—Decided April 24, 1947.

For the appellant, *John C. Grimshaw* (*David E. Feldman,*
of counsel).

For the respondent, *Saul G. Schulter* (*John J. Francis,* of
counsel).

The opinion of the court was delivered by

HEHER, J.   Plaintiff recovered judgment against one
Gumino for damages for personal injuries sustained as the
result of the negligent operation of a Plymouth sedan auto-
mobile while in use as a taxicab in the Town of Harrison on
December 15th, 1939; and, the judgment remaining unsatis-

fied, she brought this action upon a policy of indemnity insurance issued by the defendant insurer to Gumino for the term of one year commencing on the prior August 1st, covering also a DeSoto sedan devoted to the like use, pursuant to *R. S.* 48:16–1, *et seq.,* commonly known as the "Taxicab Act," and *R. S.* 39:6–1, *et seq.,* known as the "Financial Responsibility Act." There was a specific endorsement of the coverage directed by section 48:16–3, *supra,* and the policy itself was filed with the municipal clerk in accordance with that provision; and a certificate of its issuance was filed with the Commissioner of Motor Vehicles, pursuant to his demand for proof of financial responsibility under section 39:6–1, *supra.*

The single question now mooted is whether there had been an effective cancellation of the policy's coverage of the Plymouth automobile at the time when the mishap befell plaintiff. The facts were stipulated; and Judge Ackerson, sitting without a jury, found that the purported prior cancellation of the policy coverage provided under the Taxicab Act was ineffectual, and accordingly rendered judgment for plaintiff for the amount due on her judgment against Gumino. We concur in that conclusion.

The stipulation of facts reveals the mailing by the defendant insurer to the municipal clerk on September 1st, 1939, of an "endorsement," for attachment to the policy, of an agreement by the assured Gumino that the Plymouth car "is hereby eliminated and no longer covered under" the policy, effective on the previous day, but nothing to show the receipt of the instrument by the clerk. It is also stipulated that the clerk has "no recollection of ever having received" the paper; that none of his office staff at the time has "any recollection of having received or seen" the writing; and that the local license to operate the vehicle as a taxicab had not been revoked when plaintiff sustained the injuries. Judge Ackerson found as a fact that the mailed notice of cancellation was not received by the municipal clerk, and that functionary did not have actual notice of the cancellation; and the finding is conclusive here. Indeed, there is no complaint on that score.

Thus, the essential question is whether mere constructive notice of the cancellation of a policy issued under section 48:16-1, *supra,* is effective as to the public. Actual notice is not requisite under the terms of the policy in suit; constructive notice suffices. It is provided that "no cancellation" of the policy "shall take effect until the expiration of five days after written notice of such proposed notice of cancella- tion has been forwarded to the clerk of the municipality" in which the operation of the insured vehicle is permitted. But in our view this contractual provision for constructive notice is *extra* the statute, and therefore without efficacy as regards the public as the third party beneficiaries.

The Taxicab Act makes no provision for the cancellation of a policy of indemnity insurance issued thereunder; and we deem it to be implicit in the statutory policy that such insur- ance, serving as it does the common interest, shall remain effectual as to the public, barring the expiration of the pre- scribed term, until actual notice of its cancellation shall be received by the municipality, and a reasonable time afforded for protective action. The insurance is provided for the protection of the public, and the right to operate the insured taxicab is conditioned upon the continued subsistence of such coverage. This policy is outstanding. Local consent to the operation of a vehicle of that class is a condition prerequisite. Section 48:16-2. Such consent shall not become effective until the owner of the vehicle shall have filed the prescribed insurance policy with the municipal clerk, and "shall con- tinue effective and operation thereunder shall be permitted only so long as the insurance policy shall remain in force to the full and collectible amount" of $5,000. Section 48:16-3. Upon the filing of the insurance policy, the clerk of the municipality is under a duty to issue in duplicate a certificate of compliance, reciting the name of the insurer, the number and date of expiration of the policy, a description of the insured vehicle, and the registration number of the vehicle. And it is directed that the duplicate certificate be filed with the department of motor vehicles before the vehicle is licensed, and the original posted "in a conspicuous place" within the vehicle. Section 48:16-6. A corporate operator "may carry

its own liability insurance," if it can satisfy the commissioner of banking and insurance "as to the permanence and financial standing of its business." Section 48:16–8. And there is provision for the revocation by the local governing body of the consent to operate the vehicle, after notice and hearing, for failure to furnish such insurance or to keep it in force. Section 48:16–10. It is also directed that the policy provide for the payment of "any final judgment recovered by any person on account of the ownership, maintenance or use" of the taxicab, "or any fault in respect thereto, and shall be for the benefit of every person suffering loss, damage or injury as aforesaid." Section 48:16–3.

It is axiomatic that the statutory rights of the public under such a policy of insurance cannot be impaired by a stipulation between the immediate parties to the contract. Provisions affecting the interests of the third party beneficiaries may not be incorporated in the contract unless authorized by the statute. The rights of injured third parties under the policy are primary and not derivative. *Gillard* v. *Manufacturers Casualty Insurance Co.*, 92 *N. J. L.* 141; *affirmed*, 93 *Id.* 215. The statute contemplates actual notice to the municipality of the revocation of the insurance coverage designed to safeguard the public against the operation of uninsured taxicabs. There is no provision for constructive notice of the cancellation of this indemnity coverage; and such is not to be implied, for that would serve to frustrate the statutory policy. The purpose of the notice is to apprise the local authorities, representing the public, of the fact of the annullment of the insurance, and thus to insure adequate protective measures; and, unless the statute makes specific provision for constructive notice, actual notice is indicated. To borrow the language of Mr. Justice Lloyd, the requirement of actual notice arises "by the compulsion of a necessary implication." *Taylor* v. *Rector, Wardens and Vestrymen of Christ Church*, 118 *N. J. Eq.* 288.

A statute often speaks as plainly by inference, and by means of the purpose that underlies it, as in any other manner. A policy that is clearly implied is as effective as that which is expressed. *Kobylarz* v. *Mercer*, 130 *N. J. L.* 44, 52; *Bran-*

*don* v. *Montclair,* 124 *Id.* 135; *affirmed,* 125 *Id.* 367. When words are not explicit, the intention is to be collected from the context and the occasion and necessity of the law and from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant to reason and good discretion. The statute should have a rational construction consistent with its manifest purpose, and not one which will substantially defeat its object. A case not within the letter of a statute may be held to be within its meaning, because it is within the mischief for which a remedy is provided. *Pine* v. *Okzewski,* 112 *Id.* 429; *Fedi* v. *Ryan,* 118 *Id.* 516.

We do not read the case of *Charlton* v. *Jersey Mutual Casualty Insurance Co.,* 107 *N. J. L.* 126, as holding the contrary. The precise question raised here was not in issue. There, this court dealt with two provisions for notice of cancellation, one in the policy itself and the other in a rider to the policy, the first calling for twenty days' notice of such cancellation to the Commissioner of Motor Vehicles and the second for the forwarding of such notice to the municipal clerk; and it was held, as against the contention that the rider superseded the policy stipulation in this regard, that both provisions were effective and neither was in conflict with the statute. There being no proof of the filing of the notice of cancellation with the Commissioner of Motor Vehicles, the policy was held to be enforceable by the third party beneficiary. The proper significance of what was said there is to be gleaned from the point considered.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.