**Murle EDWARDS and Paul Edwards, dba Edwards Brothers Trucking Company, et al., Appellants,**

v.

**AMERICAN HOME ASSURANCE COMPANY, a corporation, Appellee.**

**No. 20521.**

United States Court of Appeals Ninth Circuit.

May 18, 1966.

Otto H. Linsenmeyer, Gerald G. Eastman, Phoenix, Ariz., for appellants Murle & Paul Edwards, etc.

Jack E. Brown, Brown, Vlassis & Bain, Phoenix, Ariz., for appellants Kister and Mark.

Nathan Holt, Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, Ariz., for appellant Graham.

Kenneth J. Sherk, Robert H. Green, Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for appellee.

Before POPE, BARNES and ELY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a declaratory judgment of the United States District Court for the District of Arizona, which decreed that a policy of insurance issued by appellee had been cancelled prior to the date of an accident in which appellants were involved.

The district court had jurisdiction of the parties pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and of the proceeding for declaratory relief pursuant to 28 U.S.C. § 2201. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

This proceeding was submitted to the district court on cross motions for summary judgment, under an agreed statement of facts. While the issues before this court are purely legal, the facts will be summarized in order to place the issues in perspective.

Appellants Murle and Paul Edwards have operated a trucking business in Arizona under the name of Edwards Brothers Trucking Company (hereinafter known as Edwards Bros.). Edwards Bros. is a common carrier operating under "certificates of convenience and necessity and/or contract carrier's permits" issued by the Arizona Corporation Commission. By General Order No. MV–7 of the Arizona Corporation Commission, every such carrier is required to file a liability insurance policy with the Commission, and all insurance companies writing policies on carriers subject to the jurisdiction of the Commission are required to attach to their liability insurance policies the Arizona Motor Carrier Endorsement. For purposes of this appeal, the pertinent portions of the Arizona Motor Carrier Endorsement provide that (1) the insurer may cancel the policy to which the endorsement is attached by mailing notice of the cancellation to the insured and to the Corporation Commis-

sion, provided that the effective date of the cancellation may not be less than ten days after receipt of the notice by the Corporation Commission; and (2) that the endorsement applies only to loss covered in the certificate of insurance while the vehicles insured under the certificate are operated as motor carriers under the certificate of convenience and necessity issued by the Corporation Commission. The language of these provisions is set out in the margin.[1]

On October 9, 1961 appellee American Home Assurance Company wrote a policy of automobile liability insurance for Edwards Bros. The policy extended to personal or private business operations of the vehicles covered, as well as to operation of said vehicles as motor carriers under the Arizona Motor Carrier Endorsement which was attached to the policy. The policy also contained a "standard" cancellation clause which provided, *inter alia*, that the insurer could cancel upon mailing written notice of cancellation to the insured and providing that the cancellation would not take effect for at least ten days from the date of mailing.[2]

The premium on the insurance policy was $7,000 for its one year duration, and Edwards Bros. arranged to have this amount financed through a premium financing organization known as AFCO. In February and March, 1962, AFCO was unsuccessful in attempting to collect amounts due on the premium financing from Edward Bros., and so notified Edwards Bros. of termination of the insurance and requested a refund from American Home. As a result of this notice, American Home attempted to cancel the insurance policy by mailing a notice of cancellation to Edwards Bros. on April 9, 1962, with a cancellation date of April 21, 1962. The parties agree that this notice complied with the cancellation provision of Clause 19 of the policy (set out in note 2, supra) but was not sufficient to effect cancellation under the Arizona Motor Carrier Endorsement attached to the policy. It was not until May 9, 1962 that American Home mailed its notice of cancellation to the Arizona Corporation Commission, and it was not received there until May 11, 1962. Thus by the terms of the Endorsement that cancellation would not be effective until at least May 21, 1962.

Meanwhile, on May 10, 1962, one of Edwards Bros. Trucks, driven by its employee, appellant Russell Lomax, was involved in a collision with a station wagon in which appellants Kister, Mark and Graham were riding. It is stipulated by

---

1. "The policy to which this endorsement is attached may be cancelled by the Company by mailing written notice to the named insured at the address shown in this policy and to the Arizona Corporation Commission at Phoenix, Arizona providing the effective date of such cancellation shall not be less than ten (10) days after receipt of notice by the Arizona Corporation Commission.

   \* \* \* \* \* \* \*

   "It is further agreed that this endorsement shall apply only to loss, damage and expense with respect to the coverage described in the prescribed certificate of insurance filed with the Arizona Corporation Commission, while the vehicles insured thereunder are operated as motor carriers under the Certificate of Convenience and Necessity heretofore issued to such carrier by said Commission."

2. The "standard" cancellation clause is contained in Clause 19 of the insurance policy. (C.T. pp. 101–102.) It provides in pertinent part as follows:

   "This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing."

the parties that at the time of the accident the Edwards Bros. truck was *not* engaged as a motor carrier under any of the certificates of necessity and convenience issued to Edwards Bros. by the Arizona Corporation Commission, but was en route to a quarry to pick up marble either for use or sale by the Edwards Bros. partnership.

American Home filed a "Complaint for Declaratory Judgment" in the district court, naming as defendants Murle and Paul Edwards and the Edwards Bros. partnership, the driver Lomax, the three parties in the car involved in the collision who had instituted actions against Edwards Bros. and/or Lomax, and the wives of each of the above. American Home sought a declaratory judgment that it was not liable under its insurance policy and had no duty to defend suits arising out of the May 10, 1962 accident. American Home's theory was that the insurance policy was severable into compulsory and noncompulsory provisions; that the compulsory provisions were those pertaining to Edwards Bros. operations as a common carrier, which were required by the Arizona Corporation Commission and were governed by the Endorsement attached to the insurance policy; that the "compulsory" provisions could only be cancelled by giving proper notice to the Corporation Commission and thus had not been cancelled at the date of the accident; that the noncompulsory provisions of the policy were those relating to liability when the insured vehicles were not being used as common carriers; and that the noncompulsory provisions could be cancelled by following the procedure in Clause 19 of the policy and had been cancelled prior to the May 10, 1962 accident. Since it was admitted that the Edwards Bros. truck was not being used as a common carrier at the time of the accident, American Home contended that its cancellation of the noncompulsory provisions freed it of any liability or duty to defend arising from the May 10, 1962 accident.

The case was submitted to the district court on this agreed statement of facts and issues. Both sides moved for summary judgment. The court granted summary judgment in favor of American Home, adopting its view of the insurance policy and the severability of the cancellations. This appeal followed.

The sole issue remaining in the case was framed for the consideration of the district court as follows:

"Could the coverage provided by the policy for private or non-common or contract carrier operations be cancelled separate and apart from the coverage required and provided for common or contract carrier operations?"

■■ In answering this question, the federal courts in a diversity action must apply the law of Arizona and attempt to determine what result would be reached by a court of that State had the suit been brought in the State rather than Federal Court. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The question involved here does not appear to have been considered by any court of the State of Arizona and is not specifically dealt with in any statute of Arizona. The duty thus fell to the district court (and now falls to this court) of determining how an Arizona court would rule on the question.

At the outset we note with regret that the insurance cancellation cases cited by appellants are of little assistance in resolving the issue because they all deal with cancellation of exclusively "compulsory" insurance provisions. In none of appellants' cases which we have examined was the severability of the policy involved, nor were noncompulsory as opposed to required insurance provisions at issue. While we find the cases they cited to be of value for the public policy statements they make regarding required insurance for common carriers, we are not convinced that such statements are pertinent when the insurance policy involved contained both required and nonrequired provisions, and the issue in dispute concerns cancellation of the nonrequired provisions.

■ Although there appear to be no Arizona cases precisely on the issue in

this case, cases from other jurisdictions which have considered related problems may provide some guidelines, as they would to an Arizona court considering for the first time the problem here presented.

First, it will be recalled that part of the Endorsement attached to the insurance policy in this case states that the endorsement shall apply only to losses covered in the insurance while the insured vehicles are operated as motor carriers under the certificate of convenience and necessity issued by the Arizona Corporation Commission. No Arizona case interpreting this provision has been found, but other jurisdictions hold that compulsory motor carrier endorsements have no application when the insured vehicles are not being operated as motor carriers, as was the case at the time of the May 10, 1962 accident. American Casualty Co. of Reading, Pa. v. Morris, 51 F.Supp. 889 (N.D.W.Va.1943), aff'd *sub. nom.* Simon v. American Cas. Co. of Reading, Pa., 146 F.2d 208 (4th Cir. 1944); Hawkeye Casualty Co. v. Halferty, 131 F.2d 294 (8th Cir. 1942); Hoar v. Gray, 352 Pa. 373, 42 A.2d 822 (1945). To the same effect, cf. 7 Appleman, Insurance Law and Practice § 4470 (1962).

Secondly, although again we have found no Arizona cases on the precise point, other jurisdictions hold that the non-compulsory provisions of an insurance policy may be cancelled separate and apart from the compulsory provisions included in the same policy by a motor carrier endorsement. The general principle is stated thus in Annotation, 171 A.L.R. 550, 554 (1947):

"Where a compulsory automobile insurance policy contains additional clauses providing for noncompulsory coverage, a cancellation of the policy will be effective as to the latter clauses even if it does not comply with the statutory requirements as to the cancellation of the compulsory insurance."

And see Ocean Accident & Guarantee Corp. v. Felgemaker, 143 F.2d 950 (6th Cir. 1944); Baranski v. Massachusetts Bonding & Ins. Co., 60 R.I. 140, 197 A.

390 (1938); Cohen v. Pennsylvania Casualty Co., 183 Md. 340, 38 A.2d 86 (1944).

In the light of the above authority, which we believe expresses the general rule, and in the absence of Arizona cases, the district court considered what the proper interpretation of the insurance policy endorsement should be in his "Order Granting Plaintiff's Motion For Summary Judgment and Denying Defendants' Motions For Summary Judgment." (C.T. pp. 175–177.) In his order, the district court examined the various portions of the endorsement at issue and the provisions of the Arizona Revised Statutes pertaining to the authority of the Corporation Commission to regulate motor carriers and to require motor carriers to carry liability insurance. His analysis concludes with this statement (C.T. p. 177):

"To hold otherwise and make cancellation of noncommon carrier insurance dependent upon notice to the Corporation Commission would in effect be a holding that the Corporation Commission possesses the authority to require compulsory insurance for vehicles not operating as common carriers. Such an interpretation would be inconsistent with the legislative purpose as expressed in A.R.S. § 40–611(a) (1956)."

Based on this reasoning, the authority referred to above, and the terms of the endorsement and insurance policy here involved, we believe that the district court's analysis of the endorsement and insurance policy was correct. While it is true that as to purely legal questions such as those involved here, this court is in a position to make its own interpretation of the endorsement and insurance policy; we believe that in a case such as this involving the interpretation of Arizona law, and a determination of the result which an Arizona State court would probably reach under the same facts, the analysis of the Arizona district court judge is entitled to great weight. Such healthy respect for the determination of the federal judge sitting in the state whose law he is called upon to interpret has been

approved by the Supreme Court (Bernhardt v. Polygraphic Co., 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199 (1956); Huddleston v. Dwyer, 322 U.S. 232, 237, 64 S.Ct. 1015, 88 L.Ed. 246 (1944); 1 Barron & Holtzoff (Wright ed.), § 8 n. 6.14), and represents a policy with which we are in full accord.

We approve the district court's determination that the insurance policy was severable and that the noncompulsory provisions were cancelled pursuant to the notice given by American Home on April 9, 1962. It follows that the district court was correct in holding that American Home incurred no liability arising from the May 10, 1962 accident and had no duty to defend actions brought against the insured.

The judgment of the district court is affirmed.