BANKERS AND SHIPPERS INSUR-
ANCE COMPANY OF NEW
YORK, Appellant,

v.

Edward McELVEEN, Appellee,
and
Salvatore Fazzolari and Patricia
Fazzolari, his wife,
Intervenors,

and

Allstate Insurance Company, Intervenor.

No. 81–1252.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Nov. 16, 1981.

Decided Dec. 18, 1981.

Steven R. Waxman, Arthur W. Hankin,
Bolger & Picker, Philadelphia, Pa., for ap-
pellant.

George L. Young, Jr., James M. Marsh,
Edwin F. McCoy, LaBrum & Doak, Phila-
delphia, Pa. for Edward McElveen and All-
state Insurance Co.

Ferrara & Waldman, Philadelphia, Pa.,
for Salvatore Fazzolari and Patricia Fazzo-
lari; Michael J. Waldman, Philadelphia, Pa.,
on brief.

Before GIBBONS and HIGGINBOT-
HAM, Circuit Judges, and McCUNE,* Dis-
trict Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Bankers and Shippers Insurance Compa-
ny of New York (Bankers) appeals from a
declaratory judgment that it is obliged to
defend and indemnify Edward McElveen
with respect to an accident on August 26,
1978 in which Salvatore Fazzolari and Pa-
tricia Fazzolari were injured. The Fazzo-

* Hon. Barron P. McCune, United States District
Judge for Western District of Pennsylvania,
sitting by designation.

laris have a suit pending against McElveen growing out of that accident, and Allstate Insurance Company (Allstate) has issued to them a policy providing uninsured motorist coverage. Bankers sought a declaratory judgment that the policy it issued to McElveen had been cancelled, before the accident, for nonpayment of premiums. In that action the Fazzolaris and Allstate intervened. The district court held that the Bankers policy had not been cancelled because Bankers failed to give 30 days notice of cancellation to the Administrator of the Wage and Hour Division, U. S. Department of Labor, as required by 29 C.F.R. § 40.18. We hold that the notice provision relied upon is inapplicable. Thus we reverse and remand for further proceedings.

Bankers' policy, issued on May 19, 1978, is a standard New Jersey automobile liability policy for a passenger bus owned by McElveen. It contains a provision for cancellation by mailing to the named insured at the address shown therein notice stating when not less than ten days thereafter cancellation shall be effective. Bankers contends that when a premium payment due on July 11, 1978 was not paid it mailed, on July 12, 1978, notice to McElveen that the policy was cancelled as of August 16, 1978.

McElveen was, however, a registered farm labor contractor. In order to obtain a certificate of registration as a farm labor contractor he was required to file with the United States Secretary of Labor proof of insurance on any vehicle used "for the transportation of migrant workers in connection with his business, activities, or operations as a farm labor contractor." 7 U.S.C. § 2044(a)(2). He must, moreover, designate the Secretary of Labor as his agent to accept service of process. 7 U.S.C. § 2044(a)(5). The Secretary has issued regulations prescribing the requirements for insurance coverage. 29 C.F.R. §§ 40.14, 40.18. Since McElveen's bus was sometimes used to transport migrant farm workers, he obtained from Bankers an endorsement, complying with the federal regulation, providing in relevant part:

In consideration of the premium stated in the policy to which this endorsement is attached, the company agrees . . . to pay . . . any final judgment rendered against the named insured for damages because of bodily injury or property damage caused by an occurrence and arising out of the named insured's ownership, or operation . . . of the automobile for the transportation of migrant agricultural workers in connection with his business, activities or operations as a registered farm labor contractor. . . .

 \*    \*    \*    \*    \*    \*

Such insurance as is afforded by the policy and this endorsement for bodily injury liability and property damage liability shall not be cancelled . . . nor shall the cancellation . . . of the policy or this endorsement take effect . . . except by the expiration of the term for which it is written, until the company or the named insured shall have first given thirty (30) days' notice in writing by registered mail to the Director of the Office of Farm Labor Service, Bureau of Employment Security, United States Department of Labor, Washington, D. C. said thirty (30) days' notice to commence to run from the date notice is actually received.

It is undisputed that on August 26, 1978 when the Fazzolaris were injured McElveen's bus was not being used for the transportation of migrant agricultural workers in connection with his business, but was being driven by Randolph Allen for some unrelated purpose. The district court found that no registered mail notice of cancellation was sent to the Farm Labor Service. The court made no finding as to notice of cancellation to McElveen, but held that the cancellation clause in the Farm Labor Contractor Liability Endorsement was controlling, even with respect to policy coverages not falling within that endorsement. This holding rejected Bankers' argument that the Farm Labor Contractor Liability Endorsement is severable from the more general policy provisions.

The coverage language in the endorsement tracks precisely the language in 7

U.S.C. § 2044(a)(2) quoted above, and the cancellation clause therein tracks precisely 29 C.F.R. § 40.18. The obvious purpose of the requirement that the Secretary receive 30 days notice of cancellation is to permit him to take steps to prevent a registered farm labor contractor from operating as such without the financial responsibility required by the statute. It is equally obvious that the Farm Labor Service has neither an interest in nor any legal authority with respect to financial responsibility of motorists not acting as farm labor contractors. Thus no federal law interest suggests that the Farm Labor Contractor Liability Endorsement should be construed as controlling with respect to other policy coverages. The question of severability should therefore be determined under applicable state law in the same manner as the question of severability of other governmentally required special endorsements.

The generally accepted rule is that "[w]here a compulsory automobile insurance policy contains additional clauses providing for noncompulsory coverage, a cancellation of the policy will be effective as to the latter clauses even if it does not comply with the statutory requirements as to the cancellation of the compulsory insurance." Ann. Cancellation of Compulsory Automobile Insurance, 171 A.L.R. 550, 554 (1947). Thus an endorsement required by the Arizona Corporation Commission for vehicles used as common motor carriers was not effective to prevent cancellation of the general policy coverages with respect to private use of the vehicle. *Edwards v. American Home Assurance Company*, 361 F.2d 622 (9th Cir. 1966). *See also Ocean Accident & Guarantee Corp. v. Felgemaker*, 143 F.2d 950 (6th Cir. 1944); *Cohen v. Pennsylvania Casualty Company*, 183 Md. 340, 38 A.2d 86 (1944); *Baranski v. Massachusetts Bonding & Insurance Co.*, 60 R.I. 140, 197 A. 390 (1938). These holdings with respect to the effect of a noncancellable clause in governmentally required coverage are illustrations of the broader principle that such coverages by endorsement are severable from the general policy. *See, e.g., Hoar v. Gray*, 352 Pa. 373, 42 A.2d 822

(1945); *American Casualty Company of Reading, Pa. v. Morris*, 51 F.Supp. 889 (N.D. W.Va.1943), *aff'd sub nom. Simon v. American Casualty Company of Reading, Pa.*, 146 F.2d 208 (4th Cir. 1944); *Hawkeye Casualty Company v. Halferty*, 131 F.2d 294 (8th Cir. 1942), *cert. denied*, 318 U.S. 758, 63 S.Ct. 533, 87 L.Ed. 1131 (1942).

The parties have called to our attention no case suggesting that New Jersey, where the policy was issued and the accident occurred, would apply any different rule with respect to severability of the specific coverage required by federal law from the general coverage required by virtue of N.J.S.A. 39:6A–3, 39:6B–1. Appellees rely on *Leitner v. Citizens Casualty Company of New York*, 135 N.J.L. 608, 52 A.2d 687 (1947), but the claimant in *Leitner* was a member of the class protected by the statutorily mandated liability coverage for taxicabs. Nothing in that case or any other New Jersey case of which we are aware suggests that the result would have been the same had the taxicab been in use as a private automobile rather than as a common carrier.

We hold, therefore, that the court erred in reading into the policy coverages not required by federal law the noncancellation provision in the Farm Labor Contractor Liability Endorsement. Since the trial court made no finding of fact with respect to the effectiveness of cancellation pursuant to the general cancellation clause, further proceedings are required.

The judgment appealed from will be reversed and the case will be remanded to the district court for further proceedings consistent with this opinion.