PATRICK MOORE *vs.* METROPOLITAN PROPERTY AND LIABILITY INSUR-ANCE COMPANY. February 16, 1988. *Insurance,* Motor vehicle insurance, Underinsured motorist, Construction of policy.

This is the second of six cases we decide today concerning the stacking of underinsured motorist coverage when more than one vehicle is covered under the same Massachusetts motor vehicle policy. The significant circumstances of this case are the same as those set forth in the first case in this group. See *LeCuyer* v. *Metropolitan Property & Liab. Ins. Co., ante* 709 (1988).

The motor vehicle accident occurred in August, 1984. The plaintiff, who was injured while a passenger in a car of a third party, makes a claim that, as a member of his father's household, he is entitled to recover $10,000 of underinsured motorist coverage as to each of the two vehicles insured under his father's motor vehicle policy. The insurer argues that the plaintiff is entitled to recover only $10,000, the single limit stated for underinsured motorist coverage on the coverage selections page of the policy. A Superior Court judge allowed the plaintiff's motion for summary judgment and denied

the defendant insurer's similar motion. The judgment declared that an additional $10,000 of underinsured motorist coverage was available to the plaintiff. We granted the insurer's application for direct appellate review. We reverse the judgment for the reasons stated in our opinion in the *LeCuyer* case and direct that judgment shall be entered declaring the plaintiff is not entitled to an additional $10,000 of underinsured motorist coverage.

Although he did not argue in the Superior Court that the policy language was ambiguous, the plaintiff makes such an argument now in support of the judgment entered below. Our consideration of such an argument on appeal could be prejudicial to the interests of the defendant. We discuss the issue, however, because we can put the matter to rest. The plaintiff perceives an ambiguity in policy language that says that underinsured motorist coverage will be available, in excess of a legally responsible person's insurance, in order to pay the balance of the damages "up to the limits shown for [underinsurance coverage] on your Coverage Selections Page." Two vehicles were shown on the coverage page. There was no ambiguity, however, as to the coverage limits shown. The stated uninsured-underinsured coverage was $10,000 for one person and $20,000 for an accident. We also note that, because the policy language is controlled by the Commissioner of Insurance and not the insurer, "the rule of construction resolving ambiguities in a policy against the insurer is inapplicable." See *Bilodeau* v. *Lumbermens Mut. Casualty Co.*, 392 Mass. 537, 541 (1984).

Whatever form, if any, the principle of a policyholder's reasonable expectations may ultimately assume in this Commonwealth (see *Home Indem. Ins. Co.* v. *Merchants Distribs., Inc.*, 396 Mass. 103, 107 [1985]), it can have no application here. The insurer did not write the policy. The policy language is reasonably clear that stacking is not allowed. We have no evidence of any expectations of the insured, who was the plaintiff's father, nor do we have any indication whether any expectations he may have had were reasonable.

A judgment shall be entered declaring that the plaintiff is not entitled to an additional $10,000 of underinsured motorist coverage under his father's motor vehicle policy.

*So ordered.*

*Andre A. Sansoucy* (*Richard L. Neumeier* with him) for the defendant.
*Joseph T. Moore* for the plaintiff.