**Benson BAKER**

v.

**The HANOVER INSURANCE COMPANY.**

**No. 88–440–A.**

Supreme Court of Rhode Island.

Jan. 24, 1990.

Anthony J. DiOrio and Joseph J. Altieri, Cranston, for plaintiff.

Madeline Quirk, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

WEISBERGER, Judge.

This case comes before us on cross-appeals from a declaratory judgment pursuant to a complaint brought by Benson Baker (plaintiff) against The Hanover Insurance Company (defendant), seeking the construction of an insurance policy issued to Sav–A–Buk Rentals & Sales, Inc. (Sav–A–Buk), by the defendant and delivered in the Commonwealth of Massachusetts. We reverse in part and affirm in part. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff is the president of Sav–A–Buk, a Massachusetts corporation, which procured a fleet policy of insurance from defendant. Sav–A–Buk does business in Massachusetts, but its president is a Rhode Island resident. The policy of insurance provides for uninsured motorist coverage in the amount of $10,000 for each person.

The number of vehicles covered by this policy was approximately forty.

The plaintiff was involved in an accident with an uninsured motorist on March 14, 1986. The accident occurred in the State of Rhode Island, while plaintiff was driving one of the covered automobiles registered in Massachusetts from the corporation's principal office in South Attleboro, Massachusetts to his home in Rhode Island.

After the accident, plaintiff submitted a claim to defendant which then voluntarily paid plaintiff the policy limit of $10,000. This amount represented the minimum amount of coverage required by Massachusetts law. The plaintiff contended that the coverage in respect to this accident should be increased to a minimum of $25,000 in accordance with Rhode Island law, G.L. 1956 (1979 Reenactment) § 27–7–2.1, as amended by P.L.1985, ch. 288, § 1, and G.L.1956 (1982 Reenactment) § 31–31–7. The plaintiff also contended that he was entitled to stack coverage under the fleet policy of insurance to an amount equal to the injuries he had sustained. The trial justice found in favor of plaintiff in respect to the minimum coverage of $25,000 required by Rhode Island law. He found in favor of defendant in respect to stacking and determined that no such stacking was permissible pursuant to this policy. The plaintiff appealed from the determination that stacking would be impermissible, and defendant appealed from the determination that minimum coverage would be governed by Rhode Island law. We shall consider the minimum coverage issue first.

### I

After the decision of the trial justice and during the pendency of the appeal from the judgment entered pursuant thereto, this court issued its opinion in *Martin v. Lumbermens Mutual Casualty Co.*, 559 A.2d 1028 (R.I.1989), wherein we decided the precise issue raised by defendant's appeal. We decided in that case that General Notice G–642 of the Massachusetts Automobile Rating and Accident Prevention Bureau was not triggered in respect to uninsured motorist coverage by reason of the

higher minimum level requirement contained in § 27–7–2.1 and § 31–31–7. The plaintiff concedes that this case is determinative of his claim that the minimum coverage in this case should be $25,000 in accordance with Rhode Island law rather than $10,000 as set forth in the policy. Our opinion in *Martin* clearly sets forth that the policy minimum must prevail. Consequently defendant's appeal on this issue must be sustained.

## II

The plaintiff in his appeal argues that Rhode Island law should govern, particularly § 27–7–2.1(C), which in its most recently amended form provides for stacking. It is unnecessary for us to determine whether this statute would, under Rhode Island law, govern an uninsured motorist accident which took place prior to the amendment in question since we are of the opinion that this stacking issue must be governed by Massachusetts law.

In the case at bar we are dealing with a policy of insurance executed and delivered in the Commonwealth of Massachusetts to a Massachusetts corporation whose principal place of business is located in South Attleboro, Massachusetts. Consequently the construction of this policy must be determined in accordance with Massachusetts law. *See, e.g., Baranski v. Massachusetts Bonding & Insurance Co.,* 60 R.I. 140, 197 A. 390 (1938); *Coderre v. Travelers Insurance Co.,* 48 R.I. 152, 136 A. 305 (1927); *see also Bartholomew v. Insurance Company of North America,* 502 F.Supp. 246 (D.R.I.1980), *aff'd,* 655 F. 2d 27 (1st Cir. 1981).

The Supreme Judicial Court of Massachusetts has determined in *Moore v. Metropolitan Property & Liability Insurance Co.,* 401 Mass. 1010, 519 N.E.2d 265 (1988), that an uninsured motorist coverage provision providing a limit of $10,000 for one person was not subject to stacking when more than one vehicle was covered under the same motor vehicle policy. The court pointed out that the policy language was not ambiguous and, even more significantly, that said language was controlled not by the insurer, but by the Massachusetts Commissioner of Insurance. *See Bilodeau v. Lumbermens Mutual Casualty Co.,* 392 Mass. 537, 541, 467 N.E.2d 137, 140 (1984).

In *Moore* the court emphasized that its decision was controlled by the case of *LeCuyer v. Metropolitan Property & Liability Insurance Co.,* 401 Mass. 709, 519 N.E.2d 263 (1988), decided the same day as *Moore.* Consequently the Massachusetts law on this stacking issue is now well settled. It is clear that in the case at bar the insurance policy issued by defendant was also a standard form commercial policy drafted by the Insurance Commissioner of Massachusetts, and it sets out the limits of liability for uninsured motorist coverage as follows:

"Regardless of the number of covered autos, or premiums shown in the declarations, our limits of liability for BODILY INJURY CAUSED BY UNINSURED OR UNDERINSURED MOTORISTS INSURANCE are as follows:

(a) The most we will pay in damages for injuries to one or more persons as a result of bodily injury to any one person in any one accident is the limit of liability shown in this endorsement for 'each person' [$10,000]."

The foregoing provision is certainly unambiguous, and even if ambiguity could conceivably be argued, it would be covered by the opinion in *Moore, supra.* Consequently the judgment of the trial justice on this issue must be affirmed.

For the reasons stated, the defendant's appeal from the declaratory judgment on the issue of minimum coverage is sustained. The plaintiff's appeal on the issue of stacking is denied and dismissed. The papers in the case may be remanded to the Superior Court for the entry of a modified judgment consistent with this opinion.

KELLEHER, J., did not participate.