King, J.
This case comes before the court on cross-motions for summary judgment. The plaintiff, Debra Johnson (Ms. Johnson), seeks damages under the Consumer Protection Statute, G.L.c. 93A, and a declaration that she is entitled to collect underinsured motorist coverage pursuant to a policy issued by Safety Insurance Company (Safety) to her father, Harris Johnson. She also seeks an injunction requiring Safety to submit her underinsured claim to arbitration pursuant to the underinsured provisions of the policy.[1] Safety contends that it is not obligated to pay underinsured benefits to Ms. Johnson. In support, Safety argues: (1) Ms. Johnson cannot look to her father’s policy because she has her own policy providing underinsured motorist coverage, and (2) G.L.c. 175, §113L(5) prohibits a claimant from looking to the underinsured coverage of a relative when the claimant has their own motor vehicle insurance policy. For the reasons set forth below, summary judgment is granted in favor of Ms. Johnson on her declaratory judgment and arbitration claims. Judgment shall enter dismissing Ms. Johnson’s breach of contract and G.L.c. 93A claim.
BACKGROUND
The parties agree that the following material facts are not in dispute. On September 3, 1991, Ms. Johnson suffered serious injuries when her vehicle was struck from behind by a vehicle operated by Susan O’Brien. Ms. O’Brien’s vehicle was covered by a policy with the Commerce Insurance Company with bodily injury coverage in the amount of $15,000 per person and $30,000 per accident. Commerce Insurance settled Ms. Johnson’s claim for the $15,000 policy limit. That amount was insufficient to compensate Ms. Johnson for her damages. Ms. Johnson’s vehicle was insured by Safety. Although Ms. Johnson never requested or paid for underinsured coverage, Safely supplied underinsured coverage to her free of charge, in an amount equivalent to the minimum statutory limits for bodily injury coverage. Safety also insured Ms. Johnson’s father, Harris Johnson. Harris Johnson did elect to obtain underinsured coverage in the amount of $50,000 per person and $100,000 per accident. Ms. Johnson asserts that as a member of her father’s household and as a named driver on her father’s policy, she is entitled to underinsured motorist benefits under her father’s Safety policy.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). Mass.R.Civ.P. 56(c).
An insurance contract is to be construed according to the fair and reasonable meaning of its words. Camp Dresser & McKee, Inc. v. Home Insurance Co., 30 Mass.App.Ct. 318, 324 (1991). Since the policy language at issue in this case is part of a standard policy prescribed by statute and subject to the control of the Division of Insurance, it is not subject to the rule of construction resolving ambiguities in a policy against the insurance company. Moore v. Metropolitan Property and Liability Insurance Co., 401 Mass. 1010, 1011 (1988). The policy must be construed so that it is “consistent with what the statute prescribes.” Arnica Mutual Insurance Co. v. Bagley, 28 Mass.App.Ct. 85, 90 (1989).
Debra Johnson’s Policy Does Not Provide Similar Coverage
Safety first argues that Ms. Johnson is not entitled to collect underinsured benefits because her policy is “similar” to her father’s policy. Ms. Johnson’s policy with Safety provides: “We will not pay damages to or for any household member who has a Massachusetts auto policy of his or her own providing similar coverage or who is covered by a Massachusetts auto policy of a household member providing similar coverage with higher limits.”
Safety claims that Ms. Johnson’s own insurance policy provides her with underinsured protection and is, therefore, “similar” to the policy of her father.[2] However, Ms. Johnson never requested nor paid for underinsured coverage. Such coverage was “gratuitously” provided by Safety in an amount of $10,000 per person and $20,000 (10/20) per accident. This underinsured coverage, however, is patently illusory. Underinsured coverage in an amount equal to compulsory bodily injury coverage is equivalent to no underinsured coverage at all. Pursuant to G.L.c. 175, §113L(2), underinsured coverage only applies to the extent that it exceeds the bodily injury liability coverage of the tortfeasor’s policy. At the time of the accident, all insured Massachusetts drivers were required to have a minimum of 10/20 bodily injury coverage. Therefore, Safety expected, as a practical manner, that it would never have to pay underinsured benefits where those benefits did not exceed the compulsory bodily injury coverage. This explains why Safety gave Ms. Johnson the underinsured coverage free of charge. In reality, Ms. Johnson does not have under-insured coverage on her own vehicle in any amount. As such, her policy is not “similar” to her father’s underinsured policy. See Thompson v. Travelers Insurance Company, Civil No. 91-2885 (Suffolk Super. Ct. July 20, 1992) (where young adult’s policy failed to provide underinsured coverage and young adult was a member of household of parent whose policy did provide underinsured coverage, the two policies were *362 not similar and young adult could look to parent’s policy for coverage).
The defendant argues that the case of Plymouth Rock Assur. Corp. v. McAlpine, 32 Mass.App.Ct. 755 (1992), requires a different result. In McAlpine, the defendant was involved in an accident with an automobile that was uninsured. The defendant’s policy provided her with uninsured motorist coverage in the amount of $10,000. After collecting the full $10,000 from her own insurance company, the defendant sought to stack her uninsured coverage with the uninsured coverage provided under her mother’s policy. Id. at 756. Stacking occurs where a claimant adds all available policies together to create a greater pool in order to satisfy actual damages. Stacking is not allowed when the injured party has his or her own coverage. In that circumstance, the injured party must look to his or her own policy. Id. at 758-59. Stacking is an act explicitly forbidden by G.L.c. 175, §113L(5). In this case, however, Ms. Johnson is not stacking policies because her policy does not protect her in the event of an accident with an underinsured vehicle. Therefore, McAlpine does not apply to these facts.
G.L.c. 175, §113L Only Applies If a Policyholder Elects to Purchase Underinsured Coverage.
Safety further argues that G.L.c. 175, §113L(5) prohibits underinsured motorist coverage from applying to a household member who has her own auto policy. G.L.c. 175, §113L(5) provides, in pertinent part, that:
An insured who is not a named insured on any policy providing uninsured motorist coverage may recover only from the policy of a resident relative providing the highest limits of such coverage whether or not such vehicle was involved in the accident. . .
Safety asserts that since Ms. Johnson is the named insured on her own policy, she can only look to that policy for underinsured coverage. Safety admits that this provision refers solely to “uninsured motorist coverage” but states that pursuant to G.L.c. 175, §113L(2), the term “uninsured motor vehicle includes underinsured motor vehicles.” A close examination of this provision, however, leads to a different conclusion. G.L.c. 175, §113L(2) provides, in pertinent part, that:
For the purpose of said [underinsured] coverage, if the policyholder or obligor elects to purchase the coverage described in this paragraph, the term “uninsured motor vehicle” shall also include protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of motor vehicles ... to which a bodily injury policy applies at the time of the accident and . . . the policy limit ... is insufficient to cover damages . . . (Emphasis added.)
The key phrase is “if the policyholder elects.” If Ms. Johnson elected to purchase underinsured coverage from Safety, then G.L.c. 175, §113L(5) would apply and operate to bar Ms. Johnson from looking to her father’s policy. See Commercial Union Insurance Company v. Michael Demita and Edward Demita, Civil No 92-3618-B (Suffolk Super. Ct. September 24, 1993) (young adult cannot look to parent’s underinsured coverage where he elected to purchase his own under-insured coverage). Here, however, Ms. Johnson did not elect to purchase underinsured coverage from Safety. Hence, G.L.c. 175, §113L(5) is inapplicable and does not operate to bar Ms. Johnson from recovering un-derinsured coverage under her father’s policy.
For the foregoing reasons a declaratory judgment shall enter in favor of Ms. Johnson and an injunction shall issue requiring Safety to arbitrate Ms. Johnson’s underinsured claim.
Consumer Protection Claim
Ms. Johnson asserts that, by refusing to pay her underinsured motorist claim, Safety has violated G.L.c. 93A. Although the court has concluded that Ms. Johnson is entitled to underinsured coverage pursuant to Harris Johnson’s policy, Safety denied the claim based upon a reasonable and plausible interpretation of the law. Boston Symphony Orchestra, Inc. v. Commercial Union Insurance Company, 406 Mass. 7, 14-15 (1989). Hence, judgment shall be granted in favor of Safety on Ms. Johnson’s G.L.c. 93A claim.
ORDER
Accordingly, it is hereby ORDERED that the following judgment enter:
1. A declaratory judgment shall enter on Count I declaring that the plaintiff, Debra Johnson, is entitled to underinsured coverage pursuant to her father’s insurance policy.
2. Judgment shall enter dismissing Count II of the plaintiffs Complaint in view of the court’s injunction requiring arbitration.
3. Judgment shall enter dismissing Count III of the Complaint.
4. Judgment shall enter for the plaintiff on Count IV of the complaint. Safety Insurance Company is hereby enjoined from failing to submit plaintiffs un-derinsured claim to arbitration within 45 days of the date of judgment.

 Johnson also asserts a breach of contract claim in Count III but this count must be dismissed because the contract requires that any dispute concerning the underinsured provision of the contract be submitted to arbitration.

 Safefy asserts that this policy language tracks the statutory provision of G.L.c. 175, §113L(5). However, the word “similar” is not a part of the statute and only appears in the insurance policy.