### SELECTED RISKS INSURANCE COMPANY *v.* WILLIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES W. WILLIS

[No. 60, September Term, 1972.]

*Decided November 9, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, SINGLEY, SMITH and LEVINE, JJ.

*Lloyd A. Dreiling,* with whom was *David D. Patton* on the brief, for appellant.

*Floyd L. Parks* for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The appellant, Selected Risks Insurance Company, against whom a summary judgment was entered below, manifests in this appeal a dogged tenacity—but little if anything else. The policy of insurance at issue was a "Volunteer Fire Company Blanket Accident Policy," under which Selected insured "each and every member of the Volunteer Fire Company known as Kent County Fire Chiefs Association & Kent Firemen's Rescue Squad" in the sum of $10,000 against, among other things, loss of life suffered "by reason of and in the course of duties as a member of said Fire Company.

James W. Willis, a seventeen year old, whose personal

representative is the appellee, was an active member of the Kennedyville Volunteer Fire Company and concededly an insured under the policy at issue. The affidavits filed by the claimant in support of her motion for summary judgment state these facts. The Kennedyville Volunteer Fire Company had held a picnic each year since 1964, a main reason being "to provide . . . sponsored recreation to build esprit de corps and morale among the [members of the fire company] of a type beneficial to aid in the members' working together in training for fighting and in fighting fires and, to further the recruiting efforts of the [company] both in preventing high turnover of trained men and in attracting members." The members of the fire company were told in advance of the picnics, that they were annual affairs "organized, sponsored, and made to occur" by the fire company, and that the members of the company were expected to attend "unless they had a reasonable reason not to so attend." The Chief of the fire company asked Willis to go to the picnic area early on August 8, the day the picnic was to be held in 1971, "to help set up the affair" which Willis did. He remained at the picnic "to take part in the activities which included swimming in the river nearby." While Willis was so swimming and while "the picnic was officially in progress," he accidentally drowned "although valiant efforts were made to save him." When he drowned, Willis was not under the influence of alcohol (a policy exclusion) and was not participating "in any athletic game or contest" of any kind (another policy exclusion).

Selected did not controvert the facts set out by the claimant in support of her motion for judgment; instead, it claimed in its answer that it was entitled to have a jury draw and determine inferences from the facts. Selected framed its contention in these words in its memorandum in support of its answer to the motion for summary judgment:

"Whether in law these facts show loss for

bodily injuries suffered by reason of and in the course of duties as a member of the fire company, and not otherwise, and effected independently and exclusively of all other causes, is clearly questionable. A party against whom inferences are sought to be drawn is entitled to the inference most favorable to his contentions . . . ."

In its brief on appeal, Selected submits that whether Willis' swimming at the picnic was or was not for pleasure only and his drowning was or was not occasioned "by reason of and the course of [Willis'] duties as a member of the said Fire Company," within the coverage of the policy, were questions for a jury.

Selected did not, and does not now, challenge the material facts asserted by the claimant and no inferences to be drawn from material facts are suggested, so that no dispute of material fact is offered for determination. This presents the classic case for summary judgment for either plaintiff or defendant as the applicable law requires. *Wyand v. Patterson Agency, Inc.*, 266 Md. 456, 295 A. 2d 773 (1972). We think the undisputed material facts require an affirmance of the summary judgment entered against Selected. In our view the case is controlled by *Sica v. Retail Credit Co.*, 245 Md. 606, 227 A. 2d 33 (1967). The material facts in that case are markedly similar to those in the present case. In *Sica*, an employee was seriously hurt while swimming at a company picnic. We held that the picnic was sufficiently work-connected to bring the injured employee within the coverage of the workmen's compensation law and held that, as a matter of law, Sica sustained an accidental injury arising out of and in the course of his employment. We do not suggest that in all instances construction of statutory or policy language in workmen's compensation cases is to be equated with construction of language in accident policies. Compare *Frazier v. Unsatisfied Claim and Judgment Fund Board*, 262 Md. 115,

118-19, 277 A. 2d 57, 59 (1971). But if the drowning of an employee at a company-sponsored picnic arose out of and in the course of his employment, then the drowning of a fireman at a work-related picnic scheduled and sponsored by the fire company was, in the language of the policy now before us, suffered "by reason of and in the course of duties as a member of said Fire Company."

The similarity between the words "arising out of and in the course of employment," used in the workmen's compensation law, with those appearing in Selected's policy could hardly have escaped Selected's notice. The policy it wrote was issued some three years after *Sica* was decided and seventeen years after a Massachusetts case, and a New York case upon which we relied in *Sica* were decided.[1]

Selected claims that the lower court erred in declining to grant a continuance to afford it an opportunity to secure discovery and necessary depositions, as well as other matters needed to enable preparation of a defense in opposition to the motion for summary judgment. The lower court denied the requested continuance on the ground that since it was made for the first time in the midst of the argument on the motion for summary judgment, it came too late. We find no abuse of discretion in that ruling.

*Judgment affirmed with costs.*

---

1. *Moore's* Case, 330 Mass. 1, 110 N.E.2d 764 (1953); *Tedesco v. General Elec. Co.,* 305 N. Y. 544, 114 N.E.2d 33 (1953). A New Jersey case, *Ricciardi v. Damar Products Co.,* 45 N. J. 54, 211 A. 2d 347, upon which we also placed reliance in *Sica,* was decided in 1965, approximately five years before Selected's policy was written.