Filed:  November 15, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

No. 95-2036
(CA-94-315-A)

———————————

Dennis Huston, etc.,

                              Plaintiff - Appellant,

          versus

State  Farm  Mutual  Automobile  Insurance
Company,

                              Defendant - Appellee.

———————————

O R D E R

———————————

     The Court amends its opinion filed October 29, 1996, as fol-
lows:

     On page 2, footnote *, line 4 -- the phrase "an insured motor
vehicle" is corrected to read "an <u>uninsured</u> motor vehicle."

                              For the Court - By Direction

                              /s/ Patricia S. Connor
                    ———————————————————————
                                   Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DENNIS HUSTON, Administrator of
the Estate of Daniel Huston,
<u>Plaintiff-Appellant,</u>

v.                                                                    No. 95-2036

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-94-315-A)

Argued: March 7, 1996

Decided: October 29, 1996

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brien Anthony Roche, JOHNSON & ROCHE, McLean,
Virginia, for Appellant. Gary Brooks Mims, BRAULT, PALMER,
GROVE, ZIMMERMAN, WHITE & MIMS, Fairfax, Virginia, for
Appellee.

_____

**OPINION**

PER CURIAM:

This case arises from a carjacking on September 9, 1994 in which Daniel Huston was shot twice and fatally wounded by a carjacker. At the time of the shooting, Huston and the carjacker were in Huston's automobile, which was insured under a policy issued by State Farm.* The carjacker approached Huston just after Huston got into his car. The carjacker, who was under the steering wheel, made Huston and his companion get into the back of the car and then attempted to start the car. The carjacker, however, could not start the car because the car required an anti-theft key to start the ignition, which Huston had with him. At some point after this, the carjacker fired his gun and wounded Huston twice. Huston died as a result of the gunshot wounds.

The administrator of Huston's estate sought a declaratory judgment from the United States District Court for the Eastern District of Virginia that Huston's damages arose out of the use of an uninsured automobile. Diversity jurisdiction existed under 28 U.S.C. § 1332. On cross-motions for summary judgment, the district court denied Huston's motion and granted State Farm's motion.

We certified to the Supreme Court of Virginia the question of whether or not Huston's injuries arose out of the use of the automobile within the meaning of the policy of insurance involved. While that Court denied our certification, it stated in its order that "[n]othing in the present case distinguishes it from <u>Lexie v. State Farm Mut. Auto. Ins. Co.</u>, 251 Va. 390, 469 S.E.2d 61 (1996), where uninsured motorist coverage was denied because the conduct of the assailant in the death of the victim did not constitute use of a vehicle as contem-

---

* The insurance policy, which is a part of this record, provides for uninsured motorist coverage. State Farm does not contest that, because the carjacker was attempting to use Huston's vehicle without his permission, the vehicle was an uninsured motor vehicle at the time of the carjacking within the meaning of the policy. State Farm also candidly admits the death of Daniel Huston was caused by accident, also within the meaning of the policy.

2

plated by the uninsured motorist statute or the uninsured motorist provisions of the subject insurance policy."

We do not distinguish the conduct of the assailant in this case from the conduct of the assailant in <u>Lexie</u> and hold that <u>Lexie</u> governs this case.

The judgment of the district court is accordingly

<u>AFFIRMED</u>.

3