[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff seeks to recover uninsured motorist benefits in connection with an incident which occurred on November 11, 1992. On that day, he was operating his motor vehicle, which was insured by the defendant, on Main Street in New Haven near its intersection with Woodward Avenue. As he did so, three unknown CT Page 598 persons approached and began kicking and banging on his vehicle, forcing him out of the vehicle at gunpoint. While attempting to get back into his vehicle to escape, the assailants pulled him out of the van and kicked and struck him, causing certain injuries. The plaintiff received basic reparations benefits pursuant to the terms of the policy, and he now seeks additional benefits pursuant to the uninsured motorist provisions of the same policy.
After striking the plaintiff, thereby causing his injuries, the assailants attempted to enter the plaintiff's motor vehicle and drive off with it. Apparently unable to operate a standard shift, however, they abandoned this enterprise and fled. Other than this brief entry into the plaintiff's vehicle, there was absolutely no evidence that the assailants were involved in any way with any motor vehicle, not to mention an uninsured motor vehicle. Thus, this is clearly not the standard "uninsured motorist" claim in which an individual is struck by a vehicle not covered by a valid liability insurance policy.
The defendant now moves for summary judgment, contending that it is entitled to judgment as a matter of law. It contends that the undisputed facts demonstrate that the plaintiff's injuries did not arise out of the operation, maintenance or use of an uninsured motor vehicle, which is what is required for coverage under the terms of the policy.[1]
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970); CT Page 599Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12;Farrell v. Farrell, 182 Conn. 34, 38 (1980), Rusco Industries, Inc.v. Hartford Housing Authority, 168 Conn. 1, 5 (1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitz v. Mutual Construction Co.,154 Conn. 607, 613 (1967), quoting Boyce v. Merchants Fire Ins. Co.,204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital,192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
Recognizing that this is hardly the standard uninsured motorist claim, the plaintiff has argued that his own vehicle became an "uninsured vehicle" based on the contention that, as "non permissive users", the three assailants rendered vehicle's existing insurance policy invalid as to them, turning it into an uninsured vehicle for purposes of the events of which occurred. There is, indeed, some precedent for such an interpretation.Huston v. State Farm Mutual Automobile Insurance Co.,99 F.3d 132 (1996).
There are at least two problems with this otherwise ingenious argument. First, it is apparent from the undisputed evidence that the plaintiff sustained his injuries in the course of the assault CT Page 600 on him before the assailants entered the vehicle, and not in the course of their "operation, maintenance, or use" of the vehicle. Second, and more significantly, this is simply not a "use of a vehicle as contemplated by the uninsured motorist statute or the uninsured motorist provisions of the subject insurance policy."Lexie v. State Farm Mutual Auto Insurance Co., 251 Va. 390,469 S.E.2d 61 (1996).
In a case extraordinarily close to this one on its facts, the 4th Circuit Court of Appeals affirmed the granting of summary judgement in Huston v. State Farm Mutual Automobile InsuranceCo., supra. In that case, a carjacker had approached Huston just after he had gotten into his car, forced him and his companion into the back of the car, and then attempted to start the vehicle. He could not do so because the car required an anti-theft key, of which Huston had possession. The carjacker then shot Huston twice, fatally wounding him.
Interestingly, State Farm did not contest the contention, similar to that made by the plaintiff here, that because the carjacker was attempting to use Huston's vehicle without his permission, the vehicle was an uninsured motor vehicle at the time of the carjacking within the meaning of the policy. The court assumed that the vehicle was not insured in that context. Moreover, State Farm admitted that Huston's death was caused by accident, within the meaning of the policy, rather than as the result of an intentional tort. In the present case, there is some dispute over whether the plaintiff's injuries resulted from an intentional tort or negligence on the part of the assailants. The Fourth Circuit concluded, however, that as a matter of policy there must be a causal connection between the actual use of the vehicle and the injury and that there would be no coverage if the injury results from something wholly disassociated from, independent of and remote from the vehicle's normal employment.
It is true that Lexie, supra, as well as two other similar appeals decided along with it, involved the infliction of injuries with a firearm. In this case, although one of the assailants was alleged to be armed, there was no shooting, and Crisci's injuries were inflicted by kicking or beating. This difference, however, is without a distinction. It is not the manner in which the injuries were inflicted so much as the fact that the injuries did not arise out of the "operation, maintenance or use" of an uninsured motor vehicle that controls the decision in this case. CT Page 601
Walsh v. Nationwide Mutual Insurance Co., Ansonia — Milford JD at Milford (Docket No. CV 95-005665 S) April 9, 1998 (Grogins, J) (22 CONN. L. RPTR. 10), presented a seemingly stronger case for uninsured motorist coverage in that the plaintiff was attacked by two unidentified persons who chased him to his driveway in an admittedly uninsured motor vehicle, exited that vehicle, and then assaulted him as he got out of his car. The court concluded that despite the fact that the assailants used an uninsured vehicle to get to the scene of the crime, the assault did not arise out of the "use" of that vehicle, and it granted judgment in favor of the defendant.
Based on the foregoing, this court concludes that, based on the undisputed facts, the injuries sustained by this plaintiff did not arise out of the operation, maintenance or use of an uninsured automobile within the meaning of his motor vehicle insurance policy and that he is therefore precluded, as a matter of law, from obtaining benefits under the uninsured motorist provisions of that policy.
The defendant's motion for summary judgment is therefore granted.
Jonathan E. Silbert, Judge