# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRISHA MONCRIEF MOSES, LINDA J. BALDWIN, KENDALL S. MONCRIEF and ESTATE OF TREVOR R. MONCRIEF, by and through its Administratrix, TRISHA MONCRIEF MOSES, | § § § § § § § § | No. 192, 2014<br><br>Court Below:<br><br>Superior Court of the State of Delaware, in and for Kent County |
| Plaintiffs below,<br>Appellants, | § § | C. A. No. K13C-04-045 RBY |
| v. | § § | CONSOLIDATED |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a foreign corporation, as insurer for RAYMOND JOEY GLAESER, | § § § § § | |
| Defendant below,<br>Appellee. | § § | |

_____

| | | |
|---|---|---|
| RAYMOND WARD, JR., RAYSHAUN WARD, SHAWNA WARD, RAYKEEM WARD and PATRICIA WARD, | § § § § § | C. A. No.  K13C-05-036 RBY |
| Plaintiffs below,<br>Appellants, | § § § § § | |
| v. | § § § | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, a foreign corporation, as insurer for RAYMOND JOEY GLAESER, | § § § § § § | |
| Defendant below,<br>Appellee. | § § § | |

Submitted: September 24, 2014
Decided: September 25, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 25th day of September 2014, upon consideration of the parties' briefs and the record below, it appears to the Court that:

1.      The Appellants, family members of the deceased homicide victims, Trevor R. Moncrief and Raymond S. Ward, Sr. (the "victims"), appeal the Superior Court's grant of summary judgment.  The Superior Court held that recovery by Appellants under an automobile insurance policy issued by Nationwide Mutual Fire Insurance Company ("Nationwide") on a Dodge Durango (the "insured vehicle") driven by Raymond Joey Glaeser ("Glaeser") was not proper.[1]  Appellants sought coverage under Nationwide's automobile insurance policy for a judgment entered against Glaeser in two coverage matters that were consolidated.[2]

---

[1] The insured vehicle was owned by Raymond Henry Glaeser's business "Sparkle Pools." Glaeser is the son of Raymond Henry Glaeser.  Glaeser worked for his father and had permission to use the insured vehicle.

[2] The Superior Court entered a default judgment in favor of the Appellants in *Estate of Trevor Moncrief et al. v. Glaeser et al.*, No. 08C-06-014 DI 219 (Del. Super. Ct. Dec. 9, 2010) and *Estate of Trevor Moncrief et al. v. Glaeser et al.*, No. 08C-06-014 DI 220 (Del. Super. Ct. Dec. 15, 2010).  Damages were assessed against Randi Hamilton and Glaeser, jointly and severally, in the amount of $750,000 in each case.  Appellants filed the underlying litigation as judgment creditors of Glaeser seeking liability coverage under Nationwide's policy on the insured vehicle.

2

The Superior Court found that, under Maryland law,[3] the causal nexus between the insured vehicle's use and the Appellants' injuries was too attenuated to trigger coverage under the policy. We agree and affirm.

2. The victims were shot and killed during the late evening of June 5, 2006 or the early morning of June 6, 2006. David Hamilton and Justin Erskine transported the victims' bodies in a Toyota Tundra to a home in Camden, Delaware, where Glaeser was residing. Glaeser agreed to help dispose of the victims' bodies at his family's home in Maryland. Hamilton and Erskine then transported the victims' bodies, in their Toyota Tundra, to Glaeser's family property. Glaeser drove separately in the insured vehicle.

3. This Court reviews a trial court's grant of summary judgment *de novo*, both as to the facts and the law, in order to determine whether the undisputed facts entitle the movant to judgment as a matter of law.[4] We examine the record "to determine whether, after viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that no material issues of fact are in dispute and it is entitled to judgment as a matter of law."[5]

---

[3] The parties agree that Maryland law applies. The insurance policy was issued in Maryland; the insured vehicle was registered in Maryland; and the tortious activity took place in both Delaware and Maryland. *See State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454 (Del. 2010).

[4] *DaBaldo v. URS Energy & Constr.*, 85 A.3d 73, 77 (Del. 2014).

[5] *Id.* (quoting *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997)).

4. *State Farm Auto. Ins. Co. v. DeHaan*[6] provides the legal framework for our resolution of this case. In *DeHaan*, the Court of Appeals of Maryland stated that for coverage to be triggered there must be "a direct causal relationship between the injury and the actual use of the vehicle."[7] A direct causal relationship requires "the active participation of the vehicle of the perpetrator or tortfeasor" in the events that caused the injury.[8] For example, in *Harris v. Nationwide Mut. Ins. Co.*,[9] the plaintiff was injured when the perpetrator reached out of a vehicle's window and grabbed the plaintiff's purse, dragging her for fifteen feet.[10] The Court of Special Appeals of Maryland found that a direct causal relationship existed because the plaintiff's injuries arose directly from the assailant's use of the vehicle.[11] In *Frazier v. Unsatisfied Claim and Judgment Fund Bd.*,[12] the plaintiffs were injured when the perpetrator threw a lit firecracker from his vehicle into the plaintiffs' vehicle, causing it to crash.[13] The Court of Appeals of Maryland held

---

[6] 900 A.2d 208 (Md. 2006).

[7] *Id.* at 225. The Court of Appeals of Maryland determined that whether an injury is covered under the automobile insurance policy may turn on "whether the use of an automobile is directly or merely incidentally causally connected with the injury, even though the automobile itself may not have proximately caused the injury." *Id.* at 218 (quoting *Frazier v. Unsatisfied Claim and Judgment Fund Bd.*, 277 A.2d 57, 59 (Md. 1971)).

[8] *Id.* at 221.

[9] 699 A.2d 447 (Md. Ct. Spec. App. 1997).

[10] *Id.* at 448-49.

[11] *Id.* at 455.

[12] 277 A.2d 57 (Md. 1971).

[13] *Id.* at 58.

4

that a direct causal relationship was present because the plaintiffs' injuries arose out of the use of the perpetrator's vehicle.[14]

5.     A direct causal relationship does not exist where the use of the vehicle is only incidentally related to the plaintiff's injuries. In *Wright v. Allstate Ins. Co.*,[15] the perpetrator drove to an intersection, waited for the victims to appear, exited his vehicle, and shot the victims.[16] The wounded victim in the passenger seat attempted to drive as the driver was unconscious. The car went off the road and struck a tree causing the victims to suffer additional injuries.[17] The victims filed suit claiming that they were entitled to uninsured motorist coverage under the insurance policy on their vehicle for the injuries caused by the perpetrator's use of his uninsured vehicle in the shootings.[18] The Court of Special Appeals of Maryland determined there was no direct causal relationship between the perpetrator's use of his vehicle and the victims' injuries because "the use of the car was incidental to the attempt to kill [the victims]."[19] The court noted that "[t]he

---

[14] *Id.* at 59-60.

[15] 740 A.2d 50 (Md. Ct. Spec. App. 1999).

[16] *Id.* at 50-51.

[17] *Id.* at 51.

[18] *Id.*

[19] *Id.* at 52.

[victims] were injured because [the perpetrator] shot them, not because he was using a car."[20]

6. This matter is analogous to *Wright* and distinguishable from *Harris* and *Frazier*. As in *Wright*, the insured vehicle here incidentally provided for Glaeser's transportation to and from the crime scene. Thus, the present case is distinguishable from *Harris* and *Frazier*, because here, there is only an incidental connection between the use of the insured vehicle and the injuries Appellants suffered. Accordingly, the appeal is without merit and we affirm.

NOW, THEREFORE, IT IS ORDERED that the judgment of Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[20] *Id.*